[No. 22888. Department One. March 30, 1931.]

TILLIE JOHNSON, *Respondent,* v. CAMILLE DAR DENNE, *Appellant.*[1]

*Wingate & Benz, W. Ewart G. Suffel,* and *C. G. Nordquist,* for appellant.

*Samuel R. Stern* and *J. M. Schermer,* for respondent.

TOLMAN, C. J.—This is an action in replevin to obtain the possession of two diamond rings. After a trial on the merits to the court, sitting without a jury, findings of fact and conclusions of law were made, followed by a judgment awarding one of the rings to the plaintiff, and denying a recovery as to the other. From that judgment, the defendant has appealed.

This is a case which, in the final analysis, is governed by questions of fact only. Very briefly referring to the facts in general outline only, it may be said that the appellant and his deceased wife were married in 1912 and remained husband and wife until the death of the wife in October, 1929. During most of their married life, the wife was engaged in gainful occupations, and probably purchased these diamonds with

[1]Reported in 296 Pac. 1105.

the proceeds of her own efforts, though in a way the appellant makes some denial of this, claiming, in any event, that the rings were community property, and denying that there was any gift of either to the wife, or by the wife to the respondent.

■ In an action such as this, when the rights of creditors are not involved, and as between the husband and wife only, jewelry or articles of personal adornment, acquired after marriage with community funds, but worn and used solely by the wife, will be held to be the separate property of the wife by gift from the husband upon comparatively slight evidence. Here we have evidence that the husband stated that these rings had been by him given to the wife, and that they were her property.

The competent evidence in the record very clearly establishes that the deceased wife, in her lifetime, gave the rings to the respondent, and made such delivery as was possible under the peculiar circumstances, which delivery was sufficient in law. That the husband acquiesced in the gift by the wife to the respondent, at least as to the one ring, can hardly be doubted; for in a letter to the respondent, written by himself over his signature a few days before the wife's death, he says:

"I have ring and will send to you soon as I can hear from you. . . . I know nothing of her private affairs nor have I seeked to find out. . . . P. S. Be sure and say how to send ring."

The evidence amply sustains the findings of the trial court, and the judgment is therefore affirmed.

HOLCOMB, PARKER, MAIN, and MITCHELL, JJ., concur.